IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI

In re: §
 §
Robert J. Dellamano, § Misc. Case No. 15-0402
 §
Attorney. §

## ORDER SUSPENDING ROBERT J. DELLAMANO
## FROM THE PRIVILEGE OF PRACTICING BEFORE THIS COURT

For the reasons set forth herein, the Court **ORDERS** that attorney Robert J. Dellamano be given until **3:00 P.M. on December 18, 2015** to file a copy of his leasing agreement for 100 S. 4th Street, Ste. 550, St. Louis, Missouri, 63102, establishing that, as of December 16, 2015, he had an office at such address. If Dellamano fails to file a copy of such leasing agreement, the Court **ORDERS** that Dellamano be **SUSPENDED** from the privilege of practicing before this Court **effective 12:01 P.M. on December 18, 2015**, until **March 7, 2016**.

### I. BACKGROUND OF THE CRITIQUE SERVICES BUSINESS

Dellamano is an attorney who has represented that he is affiliated with attorney Dean D. Meriwether and the business known as "Critique Services" (the "Critique Services Business") conducted by Meriwether and others at 3919 Washington Blvd. (the "Critique Services Business Office"). The ongoing malfeasance, including the unauthorized practice of law and the refusal to obey court orders, that is being committed by persons and entities affiliated with the Critique Services Business has been detailed in *In re Latoya Steward* (Case No. 11-46399), *In re Evette Nicole Reed, et al.* (Case No. 14-44818), *In re Arlester Hopson* (Case No. 15-43871), *In re Shadonaca Davis* (Case No. 15-48102), *In re Leander Young* (Case No. 15-44343), and *In re Lawanda Watson* (Case No. 11-42230). For the purposes of this Order, the following summary is sufficient.

The Critique Services Business is a "bankruptcy services" scam operated by the notorious non-attorney, Beverly Holmes Diltz. It targets low-income, minority persons in metropolitan St. Louis. Superficially, the business appears to provide bankruptcy counseling and legal representation. Diltz (through her company, Critique Services L.L.C.) creates this appearance by contracting or

1

otherwise affiliating with attorneys (the "Critique Services Attorneys") under the pretense that the attorneys practice bankruptcy law and that she merely provides to them "support" services. However, in reality, the Critique Services Business is in the business of the systematic unauthorized practice of law.[1] The Critique Services Business does not provide the legal services that its clients pay for— and its failure to provide these legal services is not the result of mere incompetence or sloppiness. The Critique Services Business is specifically designed to deny legal services. The clients are dumped off onto incompetent and often dishonest non-attorney staff persons, who then provide legal counsel, prepare legal documents for the clients, and affix the attorneys' signatures to those documents. The Critique Services Attorneys amount to rent-a-signatures. Their names and bar card numbers are affixed to documents prepared by non-attorney staff persons to provide operational cover for the unauthorized practice of law. The attorneys do not collect their fees personally, do not hold the fees in trust until earned, and have little (if any) direct contact with the clients. They do not meet with clients before the clients' money is paid; sometimes, they do not meet with the client before the case is filed, if at all. Often, they fail to file important documents, fail to return telephone calls, fail to appear at § 341 meetings, and fail to appear at contested hearings. The Critique Services Business Office is run such that telephone calls from clients are not returned and client requests to meet with the attorney are denied. Desperate clients are forced to come into the office, to beg for attention to their most pressing legal matters—often to no avail. Case mismanagement and client abandonment are standard operating procedures.

Diltz, her affiliated non-attorney staff persons, and her various entities have been repeatedly sanctioned, enjoined from the unauthorized practice of law, and prohibited from serving a bankruptcy petition preparers. Numerous attorneys who have been affiliated with the Critique Services Business have

---

[1] Diltz has peddled her "bankruptcy services" rip-off in this District through "Critique"-named vehicles for almost twenty years. She also ran her business just across the river in the Southern District of Illinois until 2003, when the bankruptcy court in that district barred her from ever doing any kind of bankruptcy services business there.

been disbarred and suspended for his actions while working for Diltz's operation. Currently, two attorneys located at the Critique Services Business Office are suspended from the privilege of practicing before the Court for various forms of professional malfeasance.

## II. DELLAMANO AS A CRITIQUE SERVICES ATTORNEY

Dellamano holds an Illinois law license. He does not hold a Missouri law license. He was not admitted to practice before this Court until October 9, 2015. As detailed in *In re Arlester Hopson*, in July 2015, Dellamano came into the Clerk of Court's Office to obtain a password to access the CM-ECF system. In doing so, he represented to the Clerk's Office that he was affiliated with Meriwether and the Critique Services Business. The Clerk's Office advised Dellamano that it would not issue him a CM-ECF password at that time because he was not admitted to practice law before this Court.

Meanwhile—despite not being licensed in this state, and despite not being admitted to practice before this Court, and despite not being the attorney of record of any person in any case in this District—Dellamano appeared to nevertheless be practicing law on behalf of Meriwether's clients at § 341 meetings. Beginning in the summer of 2015, the Court began receiving complaints from the case trustees that Dellamano was appearing at § 341 meetings to represent clients of the Critique Services Business, despite not being the attorney of record. The Court issued a notice to Dellamano in *In re Hopson* that he was not permitted to appear at § 341 meetings on behalf of clients unless he was admitted to practice in this District. Nevertheless, complaints from the trustees continued.

Finally, on October 9, 2015, Dellamano obtained admission to practice before this Court—shortly after the Court suspended Meriwether's CM-ECF password for professional malfeasance in *In re Hopson*. However, Dellamano made no appearance in any case before this Court for another two months.

On December 7, 2015, the Court suspended Meriwether from the privilege of practicing before this Court for three months for his activities in *In re Young*. On December 11, 2015, Dellamano requested that a CM-ECF password be issued to him. In requesting a CM-ECF password, Dellamano represented that

3

his office is at 3919 Washington Blvd. (the Critique Services Business Office) and that his office telephone number is that of the Critique Services Business. As such, it appeared that Dellamano was the next attorney in the Critique Services Business scheme, set to either ghost-lawyer for the suspended Meriwether or to replace him entirely—but either way, to be the next attorney whose signature and bar card number would be used by Diltz for the unauthorized practice of law. On December 13, 2015, the Court entered the original order [Docket No. 1], opening this Miscellaneous Case. Based on the facts as set forth in the original order, the Court directed Dellamano not be provided a CM-ECF password until such time as Dellamano provided certain disclosures to the Court establishing the nature of his relationship with Meriwether and the Critique Services Business. The Court did not suspend Dellamano from the privilege of practicing; it merely required that Dellamano provided the required disclosures before he would be issued a CM-ECF password. Dellamano remained free to practice here and to file documents in the Clerk's Office. To date, Dellamano has not provided any of the disclosures required to obtain a CM-ECF password.

On December 16, 2015, Dellamano began filing at the Clerk's Office notices of appearance in chapter 13 cases for which Meriwether was the attorney of record. In those filings, Dellamano gave his business address as 100 S. 4th Street, Ste. 550, St. Louis, Missouri 63102—an office building in downtown St. Louis known as the Deloitte Building.

On December 17, 2015, the Court had to prepare yet-another order involving some problematic behavior of the Critique Services Business in the unrelated matter of *In re Watson*. The *Watson* order involved a directive to Dellamano. To ensure that the *Watson* order was sent to Dellamano's proper address, the Court sought to confirm that the new address given by Dellamano in his December 16 notices of appearance was, in fact, a valid address for him. Court staff contacted the Deloitte Building, eventually speaking with the appropriate personnel from Regus, the entity that leases the office spaces in Suite 550 of the Deloitte Building. Court staff inquired as to whether Robert Dellamano could be mailed documents at that address. At first, Court staff was advised that no one by that name leased space in Suite 550. Eventually, a

manager explained that a person by the name of Robert Dellamano had spoken with her about leasing space, but had not signed any paperwork. According to her, Robert Dellamano had no office space at that address.

### III.  SUSPENSION OF DELLAMANO

If Dellamano made false representations to the Court regarding his address, the Court finds it stunning that he thought he would get away with it. Dellamano should have known that it was just a matter of time before he would get caught. Given the highly disreputable nature of the Critique Services Business, the Court is skeptical of any representation made by a person affiliated with it; it should have come as no surprise that the Court would seek to confirm the validity of Dellamano's sudden, new business address.  To any degree, the Court cannot permit an attorney to practice here when he cannot manage to be honest about something as basic as where his office is located.  Accordingly, pursuant to § 105(a) and the inherent power of the Court to discipline attorneys who appear before it, the Court **ORDERS** that Dellamano file **by 3:00 P.M. on December 18, 2015**, a fully legible, fully executed, complete, non-redacted, non-falsified, non-backdated copy of the leasing agreement that establishes that Dellamano had an office in Suite 550 ***as of December 16, 2015***. If Dellamano fails to file copy of such a leasing agreement by the deadline, the Court **ORDERS** that Dellamano be suspended **as of 3:01 P.M. on December 18, 2015**. Dellamano will remain suspended **until March 7, 2016**.

During his suspension, Dellamano may not file a pleading or document of any sort on behalf of anyone other than himself, or represent any person, other than himself, before this Court in any capacity. He is barred from practicing or appearing before this Court on behalf of another person, whether by: special appearance or regular appearance; for representation of a paying client or a pro bono client; for representation of a family member or an unrelated person; or in a Main Case or an Adversary Proceeding.[2]  He may not practice in any case

---

[2] Nothing herein shall prohibit Dellamano from being subpoenaed or summonsed in any matter before this Court or from responding to such subpoena or summons. He may be subject to deposition in matters before this Court and may give testimony in hearings and trials before this Court.

before, or anticipated to be before, this Court, whether such practice would be inside or outside the courtroom. He may not appear at a § 341 meeting on behalf of any debtor. He may not "send" another attorney to a § 341 meeting, unless that attorney has formally entered his notice of appearance as the debtor's attorney in the case. He may not serve as co-counsel with any attorney in the representation of a client in a case before or anticipated to be before this Court. He may not fee-share with any attorney in any fees that he had not earned as of the date of his suspension date.

If the suspension goes into effect, Dellamano may file a motion for reinstatement within two weeks of March 7, 2016. To establish that reinstatement is proper, Dellamano must provide the following:

- (A) an affidavit explaining, in detail, any role he had in the business being conducted at 3919 Washington Blvd., including the exact nature of his professional relationship with Meriwether, Diltz and Critique Services L.L.C. over the past twelve months;
- (B) a copy of any contract into which he entered with Meriwether, Diltz, or Critique Services L.L.C. in the past twelve months, or an affidavit attesting that he has not entered into any contract with Meriwether, Diltz or Critique Services L.L.C. in the past twelve months;
- (C) documents (such as W-4s or pay advices or quarterly tax returns) received or filed in the past twelve months, showing how Dellamano has been paid, and by whom, in connection with his services at 3919 Washington Blvd.;
- (D) an affidavit attesting to the street address for his law practice and the landline telephone number for that office (not Dellamano's personal mobile telephone number);
- (E) a copy of the lease for space for that business address; and

    (F)        an affidavit attesting, in detail, as to how he will handle his clients' fees while practicing before this Court, including: the name(s) of the person(s) or entity to whom the fees are paid; the name(s) of the person(s) who receives the payments; where the fees are held following payment; when the fees are treated as earned; when he is paid from the fees; whether he employs or independently contracts with the persons who handle his fees and, if he does not, who does employ or independently contract with those persons; and the financial institution at which his client trust account is kept.

Dellamano may file these documents under protection, so that the documents will not be available for public viewing without a Court order upon notice and a showing of cause. However, Dellamano must provide a copy of all such documents filed with the Court to the United States Trustee.

If the suspension goes into effect, the Court will forward a copy of this Order to the appropriate attorney disciplinary body for the state of Illinois.

*/s/ Charles E. Rendlen III*
CHARLES E. RENDLEN, III
U. S. Bankruptcy Judge

DATED: December 17, 2015
St. Louis, Missouri
sec

Copy Mailed to:    Robert J. Dellamano
Attorney at "Critique Services"
Law Office of Robert J. Dellamano
3919 Washington Blvd.
St. Louis, MO 63108