IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI

In re: §
 §
Robert Dellamano, § Misc. Case No. 15-0402
 §
Attorney. §

## ORDER DENYING MOTION TO TRANSFER

On December 11, 2015, the Court entered an order in this Miscellaneous Case, in which it determined that the Court would not issue a passcode for the Court's electronic filing system to attorney Robert J. Dellamano unless Dellamano provided certain disclosures about his relationship with the now-suspended attorney Dean D. Meriwether and the "bankruptcy services" business known as Critique Services. On December 17, 2015, the Court entered an Order Suspending Robert J. Dellamano from the Privilege of Practicing Before this Court, in which it observed that Dellamano appeared to have knowingly made a false statement to the Court regarding his mailing address. In that order, the Court gave Dellamano until 3:00 P.M. on December 18, 2015 to file with the Court a copy of his leasing agreement, establishing his place of business as of December 16, 2015. On December 21, 2015, the Court entered a Final Order for Suspension of Robert J. Dellamano, suspending Dellamano from practicing before this Court until March 7, 2016, unless he provides certain documentation to the Court regarding his location and practice. Currently pending before the Court is a Motion to Transfer, in which Dellamano requests that all matters in this proceeding be "transferred" to the U.S. District Court for the Eastern District of Missouri (the "District Court"). For the reasons set forth herein, and to the degree that this Motion to Transfer is not now moot, the Court **ORDERS** that the Motion to Transfer be **DENIED**.

### I. NO PROCEDURAL MECHANISM BY WHICH THIS COURT CAN "TRANSFER" THIS PROCEEDING TO THE DISTRICT COURT

Dellamano points to no procedural mechanism by which this Court can "transfer" this proceeding to the District Court. The Court declines the implied

1

invitation to invent such a mechanism, as doing so would contravene the statutory scheme by which matters are referred to this Court.

Section 157(a) of title 28 of the United States Code confers authority upon the district court to refer matters to the bankruptcy court, and § 157(b), in turn, confers authority upon the bankruptcy court to preside over referred proceedings. A referral under § 157(a) is effected by a standing order whereby the district court automatically refers those matters that, by statute, may be referred to the bankruptcy court. *See, e.g.,* E.D. Mo. L.R. 81- 9.01(B)(1). This Miscellaneous Case is a result of the automatic referral from the District Court. The Court determined that it would address the issues presented herein in a single miscellaneous case, rather than by the cumbersome process of addressing the issues in each and every individual case in which they arise. This proceeding presents the issues of (i) the circumstances under which should Dellamano should be given a CM-ECF passcode, and (ii) whether Dellamano should be suspended for making false representations. These issues are administrative matters that arise in every case in which Dellamano intended to file electronically and in every case in which Dellamano filed a false representation. As such, they are core proceedings under 28 U.S.C. § 157(b)(1) over which the Court has authority to hear and determine.

Section 157 provides no mechanism by which the referral process can be reversed by the bankruptcy court. The bankruptcy court has no power to decline to preside over a matter referred to it from the district court, and it has no power to send a referred proceeding "back upstream." And a bankruptcy court certainly does not have the power to dictate to a district court what proceedings that district court will hear. However, Dellamano is not without options. For example, he can file a motion to withdraw the reference under § 157(d)—which would be decided by the District Court—or he can appeal from a final order of this Court. But he cannot obtain a "transfer" by this Court to the District Court.

## II. TRANSFER NOT REQUIRED BY CASE LAW

Even if there were a procedural mechanism by which this Court could transfer this proceeding, case law makes it clear that such a transfer would not

2

be required. The Court has the inherent authority to discipline an attorney appearing before it, to control who has access to its CM-ECF system and to restrict access when warranted under appropriate terms, and to sanction or suspend an attorney who makes false representations to it. It is well-established that bankruptcy courts have the power to sanction. *See, e.g., Elbert A. Walton, Jr. v. John V. LaBarge (In re Clark),* 223 F.3d 859, 864 (8th Cir. 2000)("[Section 105 gives to bankruptcy courts the broad power to implement the provisions of the bankruptcy code and to prevent an abuse of the bankruptcy process . . ."); *Needler v. Cassmatta (In re Miller Automotive Group, Inc.),* 2015 WL 4746246, at *5 (8th B.A.P. Aug. 12, 2015)("Bankruptcy Code § 105(a) provides a bankruptcy court with authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code, and allows the court to "tak[e] action or mak[e] any determination necessary or appropriate to . . . prevent an abuse of process." 11 U.S.C § 105(a)). It also is well-established that bankruptcy courts have the inherent power to sanction abusive litigation practices. *See Law v. Siegel*, 134 S.Ct. 1188, 1191 (2014)(citing *Marrama v. Citizen Bank of Mass.,* 549 U.S. 365, 375-376 (2007)); *In re Jonathan Michael Young*, 507 B.R. 286, 291 (8th Cir. B.A.P. 2014). "This power is broad in scope, and includes the power to impose monetary sanctions, as well as to 'control admission to its bar and to discipline attorneys who appear before it.'" *In re Burnett*, 450 B.R. 116, 132 (Bankr. E.D. Ark. 2011)(quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991), and citing *Plaintiffs' Baycol Steering Comm. v. Bayer Corp.*, 419 F.3d 794, 802 (8th Cir. 2005), and *Harlan v. Lewis*, 982 F.2d 1255, 1259 (8th Cir. 1993)).

Dellamano cites to no authority to the contrary, and cites to no case law that requires a "transfer" of sanctions matters to the District Court. Instead, he cites to *Stern v. Marshall*, 131 S.Ct. 2594 (2011). He does not offer any discussion on the applicability of *Stern*; he simply makes a bald citation to it.

In *Stern v. Marshall*, the U.S. Supreme Court determined that, as applied to the compulsory state law counterclaim at issue in *Stern*, § 157's scheme was unconstitutional. As one bankruptcy court summarized the holding:

> In *Stern*, the [United States] Supreme Court determined that 28 U.S.C. § 157(b)(2)(C) authorized bankruptcy courts to enter final judgments on counterclaims that were asserted against proofs of claim filed by creditors. The Court found, however, that the counterclaim in question—a state law claim for tortious interference with an expected gift—existed without regard to any bankruptcy proceeding, and a final judgment could not be entered by a non-Article III court. Therefore, 28 U.S.C. § 157 was unconstitutional in its application to the counterclaim in question.

*Burns v. Dennis, et al. (In re Southeastern Materials, Inc.)*, 467 B.R. 337 (Bankruptcy. M.D.N.C. 2012). *Stern* did not involve the determination of sanctions issues arising in bankruptcy, did not address the power of the Bankruptcy Court to sanction, and did not strip the bankruptcy court of its authority to determine whether sanctions, including suspension, are proper. It did not require that sanctions matters be transferred to the District Court. It did not render unconstitutional all of § 157. Moreover, the circumstances here are clearly distinguishable from those of *Stern*. *Stern* involved the private right of a party, involving non-core, compulsory state law counterclaims that were merely "related to" the main bankruptcy case.

### III. TRANSFER NOT REQUIRED BY THE LOCAL RULES

Even if there were a procedural mechanism by which this Court could transfer this proceeding, the local rules make it clear that a transfer would not be required. The local rules establish that the Court has the authority to discipline attorneys before it, including by suspension. Local Bankruptcy Rule for the Eastern District of Missouri ("L.B.R.") 2093-A provides that "[t]he professional conduct of attorneys appearing before this Court shall be governed by the Rules of Professional Conduct adopted by the Supreme Court of Missouri, the Rules of Disciplinary Enforcement of the United States District Court for the Eastern District of Missouri, and these Rules." In addition, L.B.R. 2094-C provides that "[n]othing in this Rule shall preclude the Court from initiating its own attorney disciplinary proceedings regardless of whether an attorney has been disciplined by another court," and L.B.R. 2090-A provides that this Court adopts "[t]he

4

requirements for . . . attorney discipline . . . outlined in Rules 12.01-12.05" of the Local Rules of the U.S. District Court (each, an "E.D.Mo. L.R.")

In turn, E.D.Mo. L.R. 12.02 provides that "a member of the bar of this Court and any attorney appearing in any action in this Court, for good cause shown and after having been given an opportunity to be heard, may be disbarred or otherwise disciplined," as provided in the U.S. District Court's Rules of Disciplinary Enforcement (each, an "E.D.Mo. R.D.E."). And in turn, E.D.Mo. R.D.E. IV-A provides that "[f]or misconduct defined in these Rules, and for good cause shown, and after notice and opportunity to be heard, any attorney admitted to practice before this court may be disbarred, suspended from practice before this court, reprimanded or subjected to such other disciplinary action as the circumstances may warrant." E.D.Mo. R.D.E. IV-B provides that conduct "which violates the Code of Professional Responsibility adopted by the Supreme Court of Missouri" may be grounds for discipline.[1] In short, this Court may discipline an attorney, provided that there is (i) good cause, and (ii) the attorney has been given an opportunity to be heard. The circumstances here satisfy these requirements, as set forth in the Final Order for the Suspension of Robert J. Dellamano. In addition, Rule XII provides that "[n]othing contained in these Rules shall be construed to deny to any judge of this court such inherent powers as are necessary to maintain control over judicial proceedings including initiation of civil or criminal contempt proceedings, or imposition of sanctions pursuant to any applicable authority, against an attorney appearing in an action in this court."

### IV. REQUEST FOR REFERRAL UNDER RULE V TO RULE X SPECIAL COUNSEL FOR AN INVESTIGATION AND PROSECUTION OF A FORMAL DISCIPLINARY PROCEEDING AGAINST DELLAMANO

Dellamano requests that this proceeding be "transferred" to the District Court under E.D.Mo. R.D.E V ("Rule V"). However, Rule V does not provide for a "transfer" of a proceeding. Dellamano appears to be requesting that the Court make a referral, pursuant to Rule V, to special counsel under E.D.Mo. R.D.E. X

---

[1] The Missouri Supreme Court's Rules of Professional Conduct serve as the code of professional responsibility for attorneys licensed to practice by that court.

("Rule X Counsel") for an investigation and prosecution of a formal disciplinary proceeding—*against him*. This certainly is not a request that the Court often receives.  Most attorneys try to avoid being the subject of a Rule V referral.

Under Rule V, when misconduct or allegations of misconduct come to the attention of the judge, the judge "may" (permissive) refer a matter to Rule X Counsel for investigation and prosecution of a formal disciplinary proceeding. Rule V creates a mechanism for addressing disciplinary concerns when an investigation and prosecution is required.  Rule V does not create not an option that an attorney may request, to avoid a disciplinary proceeding such as this.

Here, there is no need to make a referral under Rule V to Rule X Counsel for an investigation and prosecution of a formal disciplinary proceeding. The misconduct here occurred before the Court. There is nothing to investigate; there is no need to determine whether a prosecution is proper.

## V. CONCLUSION

For the reasons set forth herein, the Court **ORDERS** that all the requests for relief made in the Motion to Transfer be **DENIED**.

DATED: December 21, 2015  
St. Louis, Missouri 63102  
mtc

CHARLES E. RENDLEN, III  
U.S. Bankruptcy Judge

**COPY TO:**

Robert J. Dellamano, Critique Services
3919 Washington Blvd.
St. Louis, MO  63108

Robert J. Dellamano, Attorney at Law
111 S. 4th St., Ste. 550
St. Louis, MO  63102