IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In re: | § | Misc. Case No. 15-0402 |
| | § | |
| Robert Dellamano, | § | Matter of Court Business |
| | § | |
| Attorney. | § | |

### ORDER DIRECTING THAT A PORTION OF DELLAMANO'S DOCUMENT CHANGING HIS MAILING ADDRESS BE DISREGARDED

On December 18, 2015, the Court entered an order in this Miscellaneous Proceeding, suspending attorney Robert J. Dellamano of the highly disreputable "bankruptcy services" business known as "Critique Services," until March 7, 2016.  As of the date of this Order, Dellamano has failed to seek reinstatement or to represent that he has complied with the requirements for reinstatement.  Thus, he remains suspended, by his own choice.  The keys to the prison of his suspension are in his pocket; he simply must choose to use them.

On March 15, 2016, Dellamano appeared in the Office of the Clerk of the Court and presented a hand-written paper, a copy of which is attached hereto.  On that paper, Dellamano advised of his new business mailing address at 4849 State Route 15, Freeburg, IL 62243.  The Court updated its records accordingly.

The paper also contained the representation that Dellamano's address is "[a]s of Dec 18, 2015."  This appears to be an effort by Dellamano to retroactively change his address in the Court's records.  However, address changes with the Court are on a going-forward basis only.  It was Dellamano's obligation to timely advise the Court of this change to his address.  If he failed to do that, he cannot fix that failure by "retroactively" updating his address of record now.

The Court notes that is not the first time Dellamano has made dubious or dishonest representations to the Court regarding his business mailing address:

- On December 10, 2015, Dellamano obtained a CM-ECF passcode (to allow him to begin to electronically file cases) from the Court, just after the December 7, 2015 suspension of his Critique Services cohort, attorney Dean D. Meriwether.  In the process of obtaining a CM-ECF passcode,

1

Dellamano listed his mailing address as that of the Meriwether. He used this address despite the fact that the Court had ordered that no attorney may use Meriwether's address as his own (to prevent Meriwether from avoiding the effect of his suspension by having someone to ghost-operate his practice for him at his office).

- About a week later, on December 16, 2015, Dellamano made false representations filed notices of appearance in various cases. In these notices of appearance, he represented that his sudden, new mailing address was a suite at the Deloitte Building in downtown St. Louis. However, when Court staff contacted the Deloitte Building on December 17, 2015, to confirm the address for purposes of mailing correspondence to Dellamano, the staff person was advised that Dellamano had no lease at the Deloitte Building.

- The Court then needed clarification on whether Dellamano could (or could not) receive Court correspondence at the Deloitte Building. Accordingly, later on December 17, 2015, the Court entered a show cause order in this Miscellaneous Proceeding, directing Dellamano to file a copy of his lease with the Deloitte Building, to establish that he had a leasing agreement for that address as of December 16, 2015. As it turned out, Dellamano couldn't provide such a lease—because one did not exist. Dellamano had no lease at the Deloitte Building at the time he represented to the Court that the Deloitte Building was his mailing address. So, instead of just admitting that he had no lease as of December 16, 2015, Dellamano provided a copy of a mailbox lease at the Deloitte Building that was executed on December 18, 2015, but which was back-dated to start December 15, 2015—as if back-dating a lease rewrote history. Thereafter, Dellamano was suspended for having knowingly made false statements about his mailing address.

- Then, after being suspended, Dellamano quickly abandoned the mailbox at the Deloitte Building that he had leased on December 18, 2015—but never bothered to update his mailing address with the Court. As a result,

2

the Court's correspondence sent to Dellamano at the Deloitte Building began to be returned as undeliverable.

And now, Dellamano seeks to make his latest change of address retroactively effective to December 18, 2015. Obviously, he cannot do this. His change of address to the Freeburg address is effective as of March 15, 2016, and not before. Accordingly, the Court hereby **ORDERS** that Dellamano's "as of December 18, 2015" representation be disregarded and given no effect.

The Court also **DIRECTS** that a copy of this Order be provided to the Missouri Supreme Court's Office of Chief Disciplinary Counsel, the Attorney Registration & Disciplinary Commission of the Illinois Supreme Court, and the U.S. District Court for the Eastern District of Missouri. Referrals of Dellamano's activities as reflected in this Miscellaneous Proceeding have already been made to these authorities. It is appropriate to keep these authorities informed of the addresses at which Dellamano can—and cannot—be found.

DATED: March 17, 2016
St. Louis, Missouri 63102
erk

CHARLES E. RENDLEN, III
U.S. Bankruptcy Judge

Copies mailed to:

Robert J. Dellamano
Attorney at Law
4849 State Route 15
Freeburg, IL 62243

3

**ATTACHMENT**

Robert J. Dellamano
4849 State Route 15
Freeburg, IL 62243

As of Dec 18, 2015

*[signature]* 3/15/16

RECEIVED + FILED
2016 MAR 15 AM 11:37
CLERK, US BANKRUPTCY COURT
EASTERN DISTRICT
ST LOUIS MISSOURI